# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00734-CV

**John Rady, Appellant**

**v.**

**CitiMortgage, Inc., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-11-010098, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this forcible-detainer action, John Rady, as assignee in interest of Illiyana Gibson and an occupant of the property at issue, appeals from the trial court's judgment of possession in favor of appellee CitiMortgage, Inc. On January 30, 2012, CitiMortgage filed a motion to dismiss Rady's appeal as moot, stating that Rady failed to file a supersedeas bond, a writ of possession was issued, and CitiMortgage took possession of the subject property on January 9, 2012. *See* Tex. Prop. Code Ann. § 24.007 (West Supp. 2011).

"The only issue in an action for forcible detainer is the right to actual possession of the premises, and the merits of title shall not be adjudicated." *Wilhelm v. Fannie Mae*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing Tex. R. Civ. P. 746; *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)). Although the failure to supersede a forcible-detainer judgment does not divest a defendant of his right to appeal

when the defendant is no longer in possession of the premises, an appeal from the judgment in that case is moot unless the defendant asserts a "potentially meritorious claim of right to current, actual possession." *Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768.

On February 8, 2012, the clerk of this Court requested a response from Rady by February 17, 2012, to CitiMortgage's motion to dismiss Rady's appeal as moot because CitiMortgage had possession of the subject property. Rady has not filed a response and, therefore, has failed to assert a potentially meritorious claim of right to current, actual possession. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768. Accordingly, we grant the motion and dismiss the appeal as moot.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson and Goodwin

Dismissed as Moot

Filed: March 9, 2012

2